# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**DONALD LAWRENCE,**                                         **PETITIONER**

**v.**                                                   **No. 3:08CV127-D-A**

**JAMES M. HOOD**                                          **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Donald Lawrewnce for a writ

of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as

untimely filed. The petitioner has not responded, and the time for response has expired. The

matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas*

*corpus* will be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

On February 17, 1999, the Circuit Court of Marshall County, Mississippi, entered

judgment against the petitioner for two counts of sale of a controlled substance within 1,500 feet

of a public park. The court sentenced the petitioner the same day to serve twenty years for each

count in the custody of the Mississippi Department of Corrections – to be served concurrently –

and ordered to pay a $10,000.00 fine, plus court costs. The court of appeals affirmed the decision

of the trial court on January 9, 2001. *Lawrence v. State*, 780 So.2d 652 (Miss. App. 2001), *reh'g*

*denied* Mar. 13, 2001 (Cause No. 1999-KA-00658-COA). Lawrence did not file a petition for

*certiorari* with the Mississippi Supreme Court. He filed a motion for post-conviction collateral

relief (PCR) with the Mississippi Supreme Court on April 21, 2008, which the court dismissed as

untimely filed on May 28, 2008. The petitioner filed the instant federal petition for a writ of

*habeas corpus* on November 26, 2008.

**Discussion**

The petitioner's conviction became final on March 27, 2001, fourteen days after he was sentenced on his guilty plea (March 13, 2001 + 14 days). MISS. R. APP. P. 17(b); *Acker v. State*, 797 So.2d 966 (Miss. 2001). Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was one year later on March 27, 2002. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline as the petition was filed long after that deadline expired; the petitioner thus did not enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Lawrence did not sign the petition in this case; as such, the court will allow three days for mailing based upon the date the petition was entered on the docket, which sets the filing date to November 23, 2008. Therefore, the instant petition was filed 2,433 days after the March 27, 2002, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d at 513-14. The instant petition will therefore dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the _____ day of November, 2009.

         /s/ Glen H. Davidson
         SENIOR JUDGE